Thomas P. Hicks et al. v. Edward F. Elwell, Trustee, et al.

### Gen. No. 12,764.

1. INTEREST—*extent of, chargeable against one who assumes mortgage debt.*    The grantee of mortgaged property assuming the principal of the mortgage with interest at a specified rate, cannot be charged with a greater rate of interest than the specified rate, even though the note secured by the mortgage bore an increased rate after maturity.

2. FINAL DECREE—*what is, in foreclosure proceeding.*    A decree foreclosing a mortgage and decreeing a sale of the mortgaged premises is a final decree, and this even though the master is ordered to make a report of the sale.

3. EXTENSION OF TIME OF PAYMENT—*what not equivalent to.*    An agreement providing that no foreclosure proceedings would be instituted as long as certain undertakings were performed, does not operate to extend the time of payment of notes.

Foreclosure proceeding.    Appeal from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1905.    Reversed and remanded.    Opinion filed November 23, 1906.

**Statement by the Court.**    This is an appeal from a decree foreclosing a trust deed.    The bill to foreclose was filed by Edward F. Elwell, trustee, and May K. Collins, now deceased, Amy E. Hatch, administratrix of her estate, having been substituted.    It appears from the bill of complaint that appellant Hicks was indebted to May K. Collins upon three notes, each for $1,100, bearing date March 21, 1894, with interest at six per cent. per annum, payable semi-annually, given

for part purchase money of the premises upon which said notes were secured by trust deed. It is charged that said Hicks has conveyed a third interest in said premises to Stephen P. Hicks and another third interest to Frederick S. Baird, each of whom it is said assumed and agreed to pay one-third of said indebtedness of $3,300; in other words, each of them assumed and agreed to pay one of said $1,100 notes.

The answer of defendants admits the original debt, but declares that June 15, 1898, there was an agreement between said Collins and defendant Hicks that the rate of interest from that date should be three per cent. per annum. Defendant denies most of the material allegations of the bill and states that nothing is due complainant, because it is said that on July 9, 1903, complainant Collins agreed with defendant to exchange said notes for $33 cash and a quit-claim deed conveying the premises described in the trust deed. It is alleged that pursuant to this agreement a quit-claim deed was prepared and forwarded for signature by Stephen P. Hicks and wife at Waterloo, Iowa, which was returned signed also by Frederick S. Baird and wife; that during the absence of said quit-claim deed for execution, and in furtherance of the last mentioned agreement and as part performance thereof, complainant Collins obtained from defendants an abstract of title to the premises described in said trust deed and executed an agreement to the effect that said abstract was obtained as an exchange of said notes for said quit-claim deed. When, however, in alleged pursuance of said agreement upon the return of the quit-claim deed, defendant tendered it to said Collins with $33 in money, said Collins refused to accept the tender. Defendants, therefore, renew the tender in court.

Defendant Hicks filed a cross-bill setting up substantially the same matters stated in the answer to the original bill, and prays that Collins or her legal representative be compelled to comply with the agreement referred to. Appellees answered the cross-bill deny-

ing any knowledge of said agreements, written or verbal, and calling for strict proof, asserting, however, that the agreement to exchange notes for $33 and a quit-claim deed was verbal, contrary to the statutes and not binding.

The master reports that the notes secured by the trust deed bore interest at six per cent. per annum until maturity and afterward seven per cent. until paid; that Thomas P. Hicks executed to F. S. Baird and Stephen P. Hicks, respectively, deeds conveying to each an undivided one-third of the land described in the trust deed, subject in each case to an encumbrance of $1,100 which each of said grantees respectively assumed and agreed to pay, by reason of which each of them became personally liable for one-third of the debt secured by the trust deed sought to be foreclosed. He further finds that upon February 11, 1896, payment of each of the notes was extended two years and that interest was paid to May 1, 1897, and was then reduced to three per centum per annum on and after that date, two-thirds of which interest only was paid up to May 1, 1902. The master finds the principal sum of $3,300 to be due, and charges appellants with the unpaid one-third of the interest at three per cent. from May 1, 1897, to May 1, 1902, and with interest from and after that date at the rate of seven per cent. per annum, a total of $4,348.47.

The cross-bill was dismissed in accordance with the master's report and foreclosure decreed.

F. S. BAIRD, for appellants.

CASWELL & HEALY, for appellees.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

The principal objection urged to the decree is that it erroneously charges appellants, Stephen P. Hicks and Frederick S. Baird, upon the notes which they respect-

ively assumed and agreed to pay, with interest at the rate of seven per cent., the rate which by their terms the notes bore after maturity, instead of six per cent., which, by the terms of the deeds from Thomas P. Hicks to each of them, they assumed and agreed to pay. By the deeds last referred to the grantee in each of them assumes and agrees to pay $1,100, being one-third of the mortgage debt, as part of the purchase money, with six per cent. interest. The deeds were accepted by the respective purchasers with this proviso. It is upon this assumption by the two defendants to whom the said conveyances were made that the decree provides for execution against them in case of deficiency. It is clear that these two defendants can be held liable only to the extent of their respective assumptions of liability and promises to pay, and whatever may be the liability of the original maker of the mortgage notes, they could not be required to pay more than the six per cent. rate of interest which they assumed and agreed to pay.

Again, each of the notes bears the indorsement, "This note draws interest at three per cent. from May 1st, 1897," to which date they had previously been extended. There is no contention that this indorsement does not represent an agreement to that effect made by the owner of the notes. Subsequent indorsements show that interest was thereafter paid at that rate by two at least of the defendants. The notes were dated March 21, 1894, and by their terms became due respectively on or before one year and forty days, two years and forty days and three years and forty days after date. The last note therefore, independently of any extensions by which it was not affected, had matured by its terms when on May 1, 1897, the reduction of interest to three per cent. occurred. So late as June 23, 1902, an agreement was indorsed on the notes to the effect that so long as Thomas and Stephen Hicks continued to pay their two-thirds of the interest as they had done, at the rate of three per cent. up to May 1,

Hicks v. Elwell.

1902, "no proceedings for foreclosure will be had against them."

"A decree foreclosing a mortgage and decreeing a sale of the mortgaged premises is a final decree, and this even though the master is ordered to make a report of the sale." Kirby v. Runals, 140 Ill. 289-295. It is, moreover, rendered against the defendants and they are held personally liable for any balance of money due over and above the proceeds of sale, as provided by section 16 of the Mortgage Act, and execution is ordered for such balance. This may be done the same as when the decree is solely for the payment of money and such decree may be rendered conditionally at the time of foreclosure or after sale and ascertainment of the balance due. Kirby v. Runals, *supra*, p. 297. In the case at bar the decree for deficiency and for execution was entered as it properly might be at the time of foreclosure. It includes, however, it is said, $390.49 in excess of what the interest would be if estimated at the rate of three per cent. The master found that the notes matured May 1, 1902, upon the ground apparently that the agreement of June 23, 1902, providing that no foreclosure proceedings would be had against two of the defendants while they paid their two-thirds of the interest which had then been paid to May 1, 1902, amounted to an extension of the notes to that date, after which no interest was paid. If that is the ground of the master's finding and of the court's decree, we regard it as insufficient. That agreement applies to two only of the defendants, viz., Thomas and Stephen Hicks, and it does not purport to extend the notes. Giving the agreement the widest construction, its effect was merely to suspend foreclosure proceedings, not to extend the notes. Suit could still be brought upon the latter and judgment obtained at law. We discover no warrant for assessing the interest at seven per cent. in view of the explicit agreement indorsed on the notes that they should bear interest at three per cent. from May 1, 1897. There was no limita

tion upon this agreement, and it was acted upon for five years thereafter. So far as we can discover the notes had then fully matured after the last extension. It was competent for the parties to agree upon the reduction, and no reason appears why the decree should enforce against the defendants a contract which the parties themselves had abrogated long before.

Why the chancellor ruled out the testimony of the witness Baird and the writing signed by Mrs. Collins, marked Exhibit "B," we are unable to determine from the abstract which is meager and unsatisfactory. Apparently the evidence was competent and should have been admitted.

The decree will be reversed and the cause remanded.

*Reversed and remanded.*